E-FILED 10/19/09

**NOTE CHANGES MADE BY THE COURT.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY MICHAEL CRAFTON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>POWERWAVE TECHNOLOGIES, INC., BRUCE C. EDWARDS, RONALD J. BUSCHUR and KEVIN T. MICHAELS,<br><br>    Defendants. | CASE NO.  SACV-07-0065-PSG (MLGx)<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER FOR REIMBURSEMENT OF ATTORNEYS' FEES AND EXPENSES |

1. This matter came before the Court for hearing pursuant to the Order of this Court dated June 22, 2009 (the "Preliminary Approval Order") on the application of Plaintiffs and their counsel for an award of attorneys' fees and reimbursement of expenses incurred in the litigation, and following a hearing on October 19, 2009 and this Court having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. All of the capitalized terms used herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") dated as of May 14, 2009.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Settlement Class who have not timely and validly requested exclusion.

3. The Court hereby awards Plaintiffs' Co-Lead Counsel attorneys' fees of 33-1/3% of the Settlement Fund, or $1,050,000, and reimbursement of litigation expenses in the amount of $275,418.49, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  After an extensive settlement hearing, the Court finds that the percentage is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4. An award of 33-1/3% is appropriate in this case in light of the results achieved; the risk that further litigation might result in no recovery at all for the Settlement Class: the complex issues presented by the litigation; the heightened pleading requirements imposed by the Private Securities Litigation Reform Act; the skill of Plaintiffs' Co-Lead Counsel; the fact that Plaintiffs' counsel took this case on an entirely contingent basis; the law and motion work; the discovery conducted; the lengthy settlement negotiations conducted by Plaintiffs' Co-Lead

1  Counsel; the risk that Defendants may not be able to pay a judgment at some future
2  date; and the fact that there were no objections to the Settlement or plaintiffs'
3  request for attorneys' fees and expenses.
4       5.    The fees and expenses shall be allocated among plaintiffs' counsel by
5  Plaintiffs' Co-Lead Counsel in a manner which, in Plaintiffs' Co-Lead Counsel's
6  good-faith judgment, reflects each such plaintiffs' counsel's contribution to the
7  institution, prosecution and resolution of the litigation.
8       6.    The awarded attorneys' fees and expenses and interest earned thereon,
9  shall be paid to Plaintiffs' Co- Lead Counsel within three (3) business days after
10 the date this Order is signed subject to the terms, conditions and obligations of the
11 Stipulation which terms, conditions and obligations are incorporated herein.
12      7.    Lead Plaintiff and Settlement Class Representative John Both, in
13 reimbursement for his time and expenses in aiding the prosecution of this case,
14 shall also be awarded, out of the Settlement Fund, $~~30,000~~.
15                                                          $15,000
16 IT IS SO ORDERED.
17
18 Dated: ___10/19___, 2009       **PHILIP S. GUTIERREZ**
19                                         HONORABLE PHILIP S. GUTIERREZ
                                          UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28