E-FILED
OCT 19 2009
Document # _____

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY MICHAEL CRAFTON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>POWERWAVE TECHNOLOGIES, INC., BRUCE C. EDWARDS, RONALD J. BUSCHUR and KEVIN T. MICHAELS,<br><br>Defendants. | CASE NO. SACV-07-0065-PSG (MLGx)<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order of this Court dated June 22, 2009 (the "Preliminary Approval Order") on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of May 14, 2009 (the "Stipulation"), and following a hearing on October 19, 2009 before this Court to consider the applications of the Settling Parties, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. This Judgment incorporates by reference the definitions of the Stipulation and unless otherwise indicated, all terms used herein shall have the same meanings as those terms have in the Stipulation.

2. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement Fund, Plaintiffs' request for attorneys' fees and reimbursement of expenses, Plaintiffs' request for an award to reimburse the Lead Plaintiff for his time and expenses as directed by this Court's Preliminary Approval Order and that the forms and methods of providing such notice to Settlement Class Members constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could not be identified through reasonable effort, and satisfied all of the requirements of Federal Rule of Civil Procedure 23, due process and all other applicable laws.

3. This Court has jurisdiction over the subject matter of the litigation and over all parties to the litigation, including all Settlement Class Members.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies only for purposes of effectuating this Settlement, a class consisting of all persons who purchased or otherwise acquired Powerwave Technologies, Inc.

("Powerwave") common stock during the period from May 2, 2005 through November 2, 2006, inclusive (the "Settlement Class Period") and held shares purchased during the Settlement Class Period through the close of trading on November 2, 2006. Excluded from the Settlement Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the current and former officers and directors of Powerwave, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party. The Settlement Class also excludes those persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice sent to Settlement Class Members as provided in this Court's Preliminary Approval Order and who are listed in Exhibit A hereto. The Settlement Class includes those persons who timely provided to the Claims Administrator a written notice stating his or her desire to retract or withdraw the request for exclusion previously mailed. With respect to the Settlement Class, the Court finds for purposes of effectuating this Settlement that:

    a.    The Settlement Class meets all of the requirements of Federal Rule of Civil Procedure 23(a) because:

        i.    Settlement Class Members are so numerous that joinder of all members is impracticable;

        ii.    there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

        iii.    the claims and defenses of the Lead Plaintiff are typical of the Settlement Class; and

        iv.    the Lead Plaintiff and Plaintiffs' Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

b. In addition, the Court finds that the litigation satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate action; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this litigation.

c. The Court appoints John Both as the representative of the Settlement Class, and appoints Plaintiffs' Co-Lead Counsel, Weiss & Lurie and The Brualdi Law Firm, P.C., as counsel for the Settlement Class.

5. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff and the Settlement Class Members based on: the Settlement resulting from arm's-length negotiations between able and experienced counsel representing the interests of the Lead Plaintiff, the Settlement Class Members and the Defendants; the amount of the recovery for Settlement Class Members being within the range of fairness given the strengths and weaknesses of the claims and defenses thereto; the ability of the Defendants to withstand a greater judgment; the risks of non-recovery and/or recovery of a lesser amount than is represented through the settlement by continued litigation through all pre-trial, trial and appellate proceedings; the recommendation of experienced counsel and the mediator's involvement; and the absence of any objections to the Settlement from Settlement Class Members. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects and shall be consummated in

accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6. Upon the Effective Date, the Lead Plaintiff and each of the Settlement Class Members (except those persons and/or entities identified in Exhibit A attached hereto who have validly and timely requested exclusion from the Settlement Class), shall be deemed to have, and by operation of this Judgment, shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties as provided in the Stipulation, and the litigation, including all claims contained therein, are hereby dismissed with prejudice as to the Lead Plaintiff and the other Settlement Class Members. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all persons and entities who are Settlement Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Plan of Allocation.

8. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") sent to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.

9. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

10. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged Lead Plaintiff, each and all of the Settlement Class Members and Plaintiffs' Co-Lead Counsel from all claims, including Unknown Claims, arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the litigation or the released claims.

11. The Court finds that during the course of the litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

12. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their Insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and enforcement of any award or distribution from the Settlement Fund, including interest thereon, (b) disposition of the Settlement Fund, (c) hearing and determining applications for payment and expenses incurred by Plaintiffs' Co-Lead Counsel in connection with future administration and distribution of the Settlement Fund, (d) payment of taxes by the Settlement Fund, (e) all parties hereto for the purpose of construing,

///

///

enforcing and administering the Stipulation, and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

IT IS SO ORDERED.

Dated: 10/19, 2009

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

6

Aug. 31, '09
139 Lyons Road
Mertztown, PA 19539-9769

Claims Administrator
Powerwave Technologies Securities Litigation

Dear Madam, or Sir,

If the Court approves the Settlement, the payments to me would probably be too small to matter.

Therefore, I opt out of the Class Action.

Thank you for your attention to this matter,

Yours truly,

Eleanor J. Dreibelbis

620 Pleasure Drive
Riverhead, N.Y. 11901
September 1, 2009

To: Powerwave Technologies Securities Litigation – Exclusion
c/o Berdon Claims Administration LLC
P.O Box 9014
Jericho, N.Y. 11753-8914

FROM: Angela & Frederick Schuster
620 Pleasure Drive
Riverhead N.Y. 11901
Phone 631-727-8392

RE: We are former owners of 100 shares of Powerwave (PWAV) common stock and want to be excluded from any and all Settlement Class action.

STOCK PURCHASED: 3/6/06.    * PRICE: $15.01 (100 shares) during Settlement term
STOCK SOLD: 12/7/06.    PRICE: $6.33 (100 shares) after settlement period
[Stocks held through - from 3/6/06 - 11/2/06 & beyond through Settlement Class Period.]

Sincerely Yours,
Angela M. Schuster
Frederick J. Schuster

Sept. 14, 2009

Powerwave Tech. Securities Litigation — EXCLUSION
c/o Berdon Claims Administration LLC
P. O. Box 9014
Jericho, NY 11753-8914

Gentlemen,

I wish to be excluded from Crafton v. Powerwave Technologies, Inc., et al, Case No. SACV-07-0065-PSG(MLGx). Thank you for your attention to my request.

On 2/22/06 I purchased 200 shares of Powerwave @ 15.57605/sh.
 Total Cost: $3115.21
On 8/07/06 I purchased 300 shares of Powerwave @ 7.21077/sh.
 Total Cost: $2,163.23

Name: MARY A. LEGRAND
Address: 22182 DUENDE, MISSION VIEJO, CA 92691
Phone: 949-768-8498

Again, thank you for your assistance in this matter.

Mary A. Legrand

Powerwave Technologies Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914

IMPORTANT LEGAL INFORMATION

*September 4, 2009*

*I wish to be excluded from this Class Action case.*

*Carolyn D. Ziglar*

5407 FIRST CLEARING
CAROLYN D ZIGLAR
WBNA CUSTODIAN TRAD IRA
8010 MCGEE ROAD
RURAL HALL, NC 27045-9710

**POWERWAVE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY MICHAEL CRAFTON, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br>v.<br><br>POWERWAVE TECHNOLOGIES, INC., BRUCE C. EDWARDS, RONALD J. BUSCHUR and KEVIN T. MICHAELS,<br><br>                Defendants. | CASE NO. SACV-07-0065-PSG (MLGx)<br><br>CLASS ACTION<br><br>*I wish to be excluded from this Class Action case.*<br><br>*Carolyn D Ziglar*<br>*Carolyn D. Zigler* |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

MY NAME IS JIMMY FILIPE AND WOULD LIKE TO BE EXCLUDED FROM THIS CLASS ACTION SUIT.

SEP. 24, 2009

*[signature]*

Jimmy FILIPE
293 TRAGINA AVE N.
HAMILTON, ONT L8H 5C9

PowerWave Technologies Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
USA

# Motions

8:07-cv-00065-PSG-MLG Crafton v. Powerwave Technologies Inc et al (MLGx), CONSOLTR, DISCOVERY, MANADR, STAYED

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Lurie, Jordan on 10/13/2009 at 4:24 PM PDT and filed on 10/13/2009

**Case Name:** Crafton v. Powerwave Technologies Inc et al
**Case Number:** 8:07-cv-65
**Filer:** John Both
**Document Number:** 150

**Docket Text:**
NOTICE OF MOTION AND MOTION for Settlement Approval of Final Approval of Class Action Settlement filed by Plaintiff John Both. Motion set for hearing on 10/19/2009 at 02:30 PM before Judge Philip S. Gutierrez. (Attachments: # (1) Proposed Order)(Lurie, Jordan)

**8:07-cv-65 Notice has been electronically mailed to:**

Abby Claire Schwartz     aschwartz@omm.com

Amy J Longo     alongo@omm.com

Darren J Robbins     e_file_sd@csgrr.com

Evan Jason Smith     esmith@brodsky-smith.com

Jordan L Lurie     jlurie@weisslurie.com, infoca@weisslurie.com

Kim Elaine Miller     kim.miller@ksfcounsel.com

Leigh A Parker     lparker@weisslurie.com

Lewis Kahn     lewis.kahn@kgscounsel.com

Lionel Z Glancy     lglancy@glancylaw.com

Michael D Braun     service@braunlawgroup.com, clc@braunlawgroup.com

Michael M Goldberg     mmgoldberg@glancylaw.com, dmacdiarmid@glancylaw.com, info@glancylaw.com, rmaniskas@glancylaw.com, rprongay@glancylaw.com

Ramzi Abadou     rabadou@btkmc.com

Richard B Brualdi     rbrualdi@brualdilawfirm.com

Seth A Aronson     saronson@omm.com

Sue Lee     slee@brualdilawfirm.com

**8:07-cv-65 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Marjory A Gentry
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429

Michael A Swick
Kahn Gauthier Swick LLC
12 East 41st Street 12th Floor
New York, NY 10017

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\finalapp.notice.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/13/2009] [FileNumber=8592787-0
] [9bda370919b280371bf096bcfee564a64a2b81e7ec4aca4eb0584e9f155eda75617
374dc129afb3f70dcb1e50277fe7d89e0bd1b532f24c07c8395618c3c2575]]
**Document description:** Proposed Order
**Original filename:** C:\fakepath\finaljudg.ord.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/13/2009] [FileNumber=8592787-1
] [95f4dba2ec88b6a47a760032378c4e57251fb8717da59890bbec5e2035079f878f4
708aa2d0b5e9ecc06d1c6e56a083d79fd73448875a67092cfb8dbeadc55d4]]